JOURNAL ENTRY AND OPINION
On January 25, 1999 pro-se Relator filed a Petition in Mandamus for the production of documents allegedly filed on or about April 15, 1985 in the Probate Court by his then wife. Arguably, such documents would reflect jurisdiction of the Probate Court over his person, rather than the General Division Common Pleas Court, where he was criminally prosecuted during the same time frame. Relator asserts a need for such documents relative to the prosecution of his appeal in Jefferson County Appeal Case No. 97-JE-73. Appeal Case No. 97-JE-73 has been briefed by Relator and has already been submitted for final decision by this court.
On February 8, 1999, the office of the Prosecuting Attorney moved for dismissal of the complaint on the basis that it failed to state a claim upon which relief could be granted. Repondent argues that Relator has failed to demonstrate a clear legal right to relief requested or a legal obligation on the Respondent to provide the requested documents. Moreover, it is argued that Respondent has an available legal remedy by way of a request for public records under R.C. 149.43 of the Revised Code. As stated in headnote 1 to State ex rel. Karmasu v. Tate, Warden (1992),83 Ohio App.3d 199:
 "In order to establish right to writ of mandamus, relator must demonstrate clear legal right to relief prayed for; respondent is under clear duty to perform requested act; and that relator has no plain and adequate remedy in ordinary course of law."
The requisite factors are in the conjunctive and the failure to demonstrate any one of them is cause for dismissal of the petition.
Inasmuch as Relator may obtain public records as provided by statute, we find that the availability of such legal remedy is cause for dismissal. We need not address either a clear legal right to the relief requested or a duty upon Respondent.
Respondent's motion to dismiss is sustained.
Petition for writ of mandamus is dismissed. Costs taxed against Relator.
Final judgment. Clerk to serve notice as provided by the civil rules.
 __________________________ JUDGE EDWARD A. COX
 __________________________ JUDGE GENE DONOFRIO
 __________________________ JUDGE JOSEPH J. VUKOVICH